## APPEAL OF BLOGG & LITTAUER, INC.

Docket No. 5297.   Submitted December 8, 1925.   Decided January 21, 1926.

*Claude A. Hope, Esq.*, for the taxpayer.
*P. J. Rose, Esq.*, for the Commissioner.

### Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency of $1,147.28, the Commissioner having determined a deficiency of $3,684.21 income and profits taxes for the fiscal year ending November 30, 1918, and overassessments of $766.47 and $1,770.46 for the respective fiscal years ending November 30, 1917, and November 30, 1919. Taxpayer alleges error for failure to permit as a deduction $6,500 voted to officers as additional salaries for 1918.

### FINDINGS OF FACT.

The taxpayer is a New York corporation, with its principal office in the City of New York, engaged in the sale of cloaks and suits for women. During the years involved in this appeal, Solomon E. Blogg, the president, was the owner of 432 shares of the capital stock, and Edward R. Peckerman, the treasurer, was the owner of 165 shares of the capital stock of taxpayer. Six hundred shares

were outstanding. The directors were Blogg, Peckerman, Agnes Dolan and two relatives of the principal stockholders. Miss Dolan was also secretary and head bookkeeper. Each of the directors held a qualifying share. The affairs of the corporation were operated by Blogg and Peckerman, the other directors taking no active part. The meetings of the directors were infrequent, and at such meetings the wishes of Blogg and Peckerman were invariably executed.

Prior to 1918 Blogg's salary was $10,000 and Peckerman's $8,500. Both of them were actively engaged in the conduct of the business and devoted their full time to it. In August, and again in October, 1918, Blogg and Peckerman conferred concerning an increase in salary, but no decision was reached. In the first part of November, 1918, they agreed between themselves that Blogg's salary for the fiscal year ending November 30, 1918, should be $15,000 and Peckerman's $10,000. This decision was communicated to Miss Dolan by Blogg. She expressed her approval.

Blogg and Peckerman had drawing accounts with the taxpayer and their personal accounts were charged with the amounts of withdrawals. It was customary to credit the salary for the year at the close of the year and its entry upon the books was treated as one of the closing entries. For 1918, taxpayer's bookkeeper, in accordance with her usual custom, prepared on loose sheets the closing entries which she considered proper. Such closing entries, however, were not entered upon taxpayer's permanent records of account until after an audit of the books by an accountant.

In January, 1919, the accountant examining the books found the entry relating to the increase in salary among such proposed closing entries and expressed to the bookkeeper his opinion that such increase should be approved by the directors. On February 8, 1919, a meeting of the directors was held and they approved such increases in salary. Thereafter, the books of the taxpayer were closed as of November 30, 1918, and the closing entries included such additional salary. Taxpayer claims, as a deduction for salaries, $15,000 for Blogg and $10,000 for Peckerman. The Commissioner allowed $10,000 for Blogg and $8,500 for Peckerman.

It was stipulated upon the hearing that the services performed by Blogg for the taxpayer during the year ending November 30, 1918, were reasonably worth $15,000 and that the services performed by Peckerman for the taxpayer during the year ending November 30, 1918, were reasonably worth $10,000.

At no time prior to February 8, 1919, was there any formal or informal meeting of the board of directors or of a majority thereof at which such additional salaries were voted or approved.

Such additional salaries were not allowed as a deduction in 1919.

### DECISION.

The deficiency determined by the Commissioner should be computed by allowing as a deduction for the fiscal year ending November 30, 1919, the additional salaries of $6,500, authorized in February, 1919. *Appeal of Van de Kamps Holland Dutch Bakers*, 2 B. T. A. 1247. Final determination will be settled on 10 days' notice, under Rule 50.